UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRISTOL COUNTY RETIREMENT
SYSTEM, *Individually and on Behalf of All
Others Similarly Situated*,

                    Plaintiff,

    -v-

QUIDELORTHO CORPORATION f/k/a
QUIDEL CORPORATION, DOUGLAS
BRYANT, JOSEPH BUSKY, and RANDALL
STEWARD,

                 Defendants.

---

MATTHEW WHITFIELD, *Derivatively on
Behalf of Nominal Defendant QUIDELORTHO
CORPORATION f/k/a QUIDEL
CORPORATION*,

                    Plaintiff,

    -v-

KENNETH F. BUECHLER, PH.D., EVELYN
S. DILSAVER, EDWARD L. MICHAEL,
MARY LAKE POLAN, M.D., JIM R.
PRUTOW, ANN D. RHOADS, ROBERT R.
SCHMIDT, MATTHEW W. STROBECK,
PH.D., KENNETH J. WIDDER, M.D.,
JOSEPH D. WILKINS JR., DOUGLAS
BRYANT, JOSEPH BUSKY, and RANDALL
STEWARD,

                 Defendants,

    and

QUIDELORTHO CORPORATION f/k/a
QUIDEL CORPORATION,

                Nominal Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  12/16/2024

No. 24-cv-2804 (MKV)

ORDER APPOINTING LEAD PLAINTIFF
AND LEAD COUNSEL
AND
CONSOLIDATING AND STAYING
DERIVATIVE ACTIONS

No. 24-cv-3176 (MKV)

---

1

STEVEN PINKNEY, *derivatively on behalf of QUIDELORTHO CORPORATION f/k/a QUIDEL CORPORATION*,

        Plaintiff,

  -v-

DOUGLAS BRYANT, JOSEPH BUSKY, RANDALL STEWARD, KENNETH F. BUECHLER, EVELYN S. DILSAVER, EDWARD L. MICHAEL, MARY LAKE POLAN, JIM R. PRUTOW, ANN D. RHOADS, ROBERT R. SCHMIDT, CHRISTOPHER M. SMITH, MATTHEW W. STROBECK, KENNETH J. WIDDER, JOSEPH D. WILKINS JR., and STEPHEN H. WISE,

        Defendants,

  and

QUIDELORTHO CORPORATION f/k/a QUIDEL CORPORATION, DOUGLAS BRYANT, JOSEPH BUSKY, and RANDALL STEWARD,

        Nominal Defendant.

No. 24-cv-4753 (MKV)

MARY KAY VYSKOCIL, District Judge:

Plaintiff Bristol County Retirement System brings a putative class action for violations of the federal securities laws against Defendants QuidelOrtho, Douglas Bryant, Joseph Busky, and Randall Steward (the "Securities Action"). Before the Court in the Securities Action are: the motion of Central States, Southeast and Southwest Areas Health and Welfare Fund and Teamsters Local 710 Pension Fund (collectively the "Teamsters Funds") for appointment as Lead Plaintiff and approval of the Teamsters Funds' selection of Labaton Keller Sucharow LLP as Lead Counsel [24-cv-2804, ECF Nos. 17, 18, 19, 20]; and the competing motion of Nova Scotia Health

Employees' Pension Plan ("NSHEPP") for appointment as Lead Plaintiff and approval of NSHEPP's selection of Pomerantz LLP as Lead Counsel [24-cv-2804, ECF Nos. 22, 23, 24, 25]. NSHEPP does not oppose the motion of the Teamsters Fund, but NSHEPP has not withdrawn its own motion [24-cv-2804, ECF No. 26].

The Teamsters Funds also initially proposed to consolidate all "case[s] that arises out of the subject matter of the [Securities] Action" [24-cv-2804, ECF No. 20 ¶ 4; *see* 24-cv-2804, ECF No. 23 ¶¶ 4–7]. While there are no other putative securities class actions against the defendants in the Securities Action, there are two related cases on the Court's docket, *Whitfield v. Buechler et al.*, 24-cv-3176, and *Pinkney v. Bryant et al.*, 24-cv-4753, which are shareholder derivative actions (the "Derivative Actions"). The plaintiffs in the Derivative Actions propose to consolidate the Derivative Actions and to appoint their attorneys as co-lead counsel [24-cv-3176, ECF No. 20; 24-cv-4753, ECF No. 7]. Their proposal did not address the possibility of consolidation with the Securities Action.

On December 16, 2024, the Court held Oral Argument in these matters. For the reasons set forth below, the unopposed motion of the Teamsters Funds for appointment as Lead Plaintiff and approval of their selection of Lead Counsel in the Securities Action is GRANTED. The competing motion of NSHEPP is DENIED. The Court declines to consolidate the Securities Action with the Derivative Actions. The request of the plaintiffs in the Derivative Actions to consolidate the two Derivative Actions before me and to appoint their attorneys as co-lead counsel is GRANTED. The Derivative Actions are STAYED.

## I.    BACKGROUND

In April 2024, Plaintiff Bristol County Retirement System filed a class action complaint

against QuidelOrtho Corporation, formerly known as Quidel Corporation, and three executives[1] [24-cv-2804, ECF No. 1 ("Securities Action Complaint" or "Sec. Action Cmpl.")].  The Securities Action Complaint purports to assert claims for violations of the federal securities laws, Section 10(b) of the Exchange Act, Rule 10b-5, and Section 20(a) of the Exchange Act, "on behalf of all investors who purchased or otherwise acquired QuidelOrtho common stock between February 18, 2022 and April 1, 2024, inclusive (the 'Class Period')."  Sec. Action Cmpl. ¶ 1.  "QuidelOrtho provides tests for the detection and diagnosis of various respiratory diseases and other medical conditions," including, "recently," COVID-19 tests.  *Id*. ¶ 2.   The Securities Action Complaint alleges that, during the Class Period, Quidel Corporation completed a merger with Ortho Clinical Diagnostics Holdings plc, and, "[m]eanwhile, COVID-19 was transitioning from pandemic to 'endemic' status."  *Id*. ¶ 3.  The pleading further alleges that the defendants in the Securities Action misled investors about the company's ability to maintain revenue from COVID-19 tests, and investors suffered significant losses from the decline in the market value of QuidelOrtho stock. *See id.* ¶¶ 4–9, 26–72.

Shortly after the Securities Action was filed, Plaintiff Matthew Whitfield separately filed a shareholder derivative action on behalf of QuidelOrtho against a number of members of the company's board of directors, as well as the QuidelOrtho executives named as defendants in the Securities Action [24-cv-3176, ECF No. 1 ("Whitfield Complaint" or "Whitfield Cmpl.")]. Whitfield filed a Statement of Relatedness to the Securities Action which accurately represents that the Whitfield Complaint asserts claims based on "the same events and transactions during the same period as are alleged in the [Securities Action]" [24-cv-3176, ECF No. 3].  Thereafter,

---

[1] Defendant Douglas Bryant was "President and CEO as well as a Director on the Company's Board" during the relevant period.  Sec. Action Cmpl. ¶ 16.  Defendant Randall Steward was the CFO at the beginning of the relevant period.  *Id*. ¶ 18.  Defendant Joseph Busky has been the CFO since then.  *Id*. ¶ 17.

Plaintiff Steven Pinkney also separately filed a shareholder derivative action and a Statement of Relatedness to the Securities Action [24-cv-4753, ECF Nos. 1, 4]. The Court accepted the shareholder derivative actions filed by Whitfield and Pinkney (collectively, the "Derivative Actions") as cases related to the Securities Action.

Meanwhile, in the Securities Action, Central States, Southeast and Southwest Areas Health and Welfare Fund and Teamsters Local 710 Pension Fund (collectively the "Teamsters Funds") timely filed a motion for appointment as Lead Plaintiff and approval of the Teamsters Funds' selection of Labaton Keller Sucharow LLP as Lead Counsel [24-cv-2804, ECF Nos. 17, 18 ("Teamsters Mem."), 19, 19-2 ("Loss Analysis"), 19-3 ("Joint Decl."); 20 ("Teamsters Proposed Order")]. The Teamsters Funds argue that they have the largest financial interest in the Securities Action and easily satisfy the requirements of Rule 23. *See* Teamsters Mem. at 2, 5–11. Together with their motion and supporting papers, the Teamsters Funds submitted a proposed order which provides that all "case[s] that arise[] out of the subject matter of the [Securities] Action shall be consolidated with the [Securities] Action." Teamsters Proposed Order ¶ 4.

Nova Scotia Health Employees' Pension Plan ("NSHEPP") simultaneously filed a competing motion for appointment as Lead Plaintiff and approval of NSHEPP's selection of Pomerantz LLP as Lead Counsel [24-cv-2804, ECF Nos. 22, 23, 24, 25]. NSHEPP thereafter filed a "Notice" of "Non-Opposition" to the motion of the Teamsters Funds, conceding that the Teamsters Funds have a larger financial interest in the Securities Action than NSHEPP and satisfy the requirements of Rule 23 [24-cv-2804, ECF No. 26 ("NSHEPP Non-Opposition") at 2]. NSHEPP did not, however, withdraw its own motion. The Teamsters Funds oppose NSHEPP's motion [ECF No. 27 ("Teamsters Opp.")].

After the close of the briefing of the Lead Plaintiff motion practice in the Securities Action,

Whitfield and Pinkney each filed a proposed order to consolidate the Derivative Actions and to appoint their attorneys as co-lead counsel of the consolidated case [24-cv-3176, ECF No. 20; 24-cv-4753, ECF No. 7]. They did not address the possibility of consolidation with the Securities Action, notwithstanding that the Court had accepted the Derivative Actions as cases related to the Securities Action and the Teamsters Funds had proposed to consolidate all related cases.

The Court held Oral Argument to evaluate (A) the most adequate plaintiff to represent the interests of class members in the Securities Action,[2] and (B) the most efficient way to manage all three cases going forward, including whether to consolidate the Securities Action and the Derivative Actions, or the Derivative Actions only, and whether to stay the Derivative Actions through the pleading stage of the Securities Action. Counsel for movant NSHEPP did not appear. All other parties appeared through counsel. Counsel for the Teamsters Funds and counsel for the plaintiffs in the Derivative Actions all agreed that the Securities Action should not be consolidated with the Derivate Actions. Defense counsel requested a stay of the Derivate Actions pending resolution of a contemplated motion to dismiss the Securities Action.

## II.    DISCUSSION

### A. As NSHEPP Concedes, The Teamsters Funds Are the Most Adequate Plaintiff.

The Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C.A. § 78u-4(a)(3)(B)(i). In making its determination, the Court is guided by a statutory rebuttable presumption that the most adequate plaintiff is the plaintiff that (1) has either filed the complaint or made a motion for appointment as lead plaintiff, (2) has the largest

---

[2] Even when a motion to appoint lead plaintiff is unopposed, the Court must still consider the requirements under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") to determine whether a movant is the most adequate plaintiff. *See Springer v. Code Rebel Corp.*, 2017 WL 838197, at *1 (S.D.N.Y. Mar. 2, 2017) (Nathan, J.).

financial interest in the relief sought by the class, and (3) otherwise satisfies the requirements of

Rule 23 of the Federal Rules of Civil Procedure.    15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).    The

presumption ordinarily may be rebutted only if the Court finds evidence that the presumptively

most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is

subject to "unique defenses" that render it incapable of adequately representing the class.    15

U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Court concludes that the Teamsters Funds are the most adequate plaintiff based on the

statutory criteria and the parties' submissions.    *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). First, the

Teamsters Funds timely filed a motion to serve as Lead Plaintiff pursuant to 15 U.S.C. § 78u-

4(a)(3)(A)(i).    Second, as NSHEPP concedes, the alleged loss of the Teamsters Funds, and

therefore their financial interest in the Securities Action, is the largest among all interested class

representatives.    *See* NSHEPP Non-Opposition at 2.    Specifically, the Teamsters Funds allegedly

suffered losses of approximately $2.4 million on their transactions in QuidelOrtho common stock

during the Class Period, while NSHEPP allegedly suffered losses of approximately $291,531.    *See*

Teamsters Mem. at 6; Loss Analysis; NSHEPP Mem. at 2; *see also Woburn Ret. Sys. v. Salix*

*Pharms. Ltd.*, No. 14-cv-8925 (KMW), 2015 WL 1311073, at *4 (S.D.N.Y. Mar. 23, 2015) ("The

most important factor is financial loss.").

Third, as NSHEPP likewise concedes, the Teamsters Funds otherwise satisfy the

requirements of Rule 23.    *See* Fed. R. Civ. P. 23; NSHEPP Non-Opposition at 2 (conceding that

NSHEPP has no basis "to question the Teamsters Funds' ability to satisfy the requirements of Rule

23").    At this stage, the Teamsters Funds must make only a preliminary showing that their claims

are typical and adequate.    *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp.

2d 388, 397 (S.D.N.Y. 2008); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005).

The Teamsters Funds make a preliminary showing that their claims are typical because they arise from the same alleged course of events from which the other class members' claims and alleged injuries arise. *See Varghese*, 589 F. Supp. 2d at 397. Specifically, the Teamsters Funds submit that they purchased QuidelOrtho common stock during the Class Period in reliance on the defendants' alleged false statements and suffered losses as a result. *See* Teamsters Mem. at 7; Joint Decl. ¶¶ 2, 3.

The Teamsters Funds also make a preliminary showing that they will "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *see Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004). The Teamsters Funds stress their significant financial interest and experienced counsel. *See* Teamsters Mem. at 7–8. Finally, as NSHEPP concedes, there is no evidence of potential conflict of interest between the Teamsters Funds and other class members or that the Teamsters Funds are "subject to unique defenses that render [them] incapable of representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see Constance Sczesny Tr.*, 223 F.R.D. at 324; Teamsters Mem. at 8; NSHEPP Non-Opposition at 2. Accordingly, the Court appoints the Teamsters Funds Lead Plaintiff.

The Court also approves the Teamsters Funds' selection of Labaton Keller Sucharow LLP as Lead Counsel. By statute, a plaintiff appointed as the Lead Plaintiff may choose counsel to represent the class, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). As demonstrated in the Teamsters Funds' submissions, Labaton is an established firm with extensive experience and prior success in securities litigation [ECF No. 19-5]. *See* Teamsters Mem. at 11. Labaton has successfully served as lead counsel in other securities class actions in this District. *See id.*; *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.).

Accordingly, the Court appoints Labaton Lead Counsel.

**B. The Court Consolidates the Derivative Actions Only.**

As noted above, together with their motion for appointment as Lead Plaintiff and approval of Labaton as Lead Counsel, the Teamsters Funds submitted a proposed order which provides that all "case[s] that arise[] out of the subject matter of the [Securities] Action shall be consolidated with the [Securities] Action." Teamsters Proposed Order ¶ 4. The language of that proposed order is broad enough to apply to the Derivative Actions, which assert claims based on "the same events and transactions during the same period as are alleged in the [Securities Action]" [24-cv-3176, ECF No. 3; *see* 24-cv-4753. ECF No. 4]. Indeed, the Court accepted the Derivative Actions as related to the Securities Action precisely because they arise out of the same subject matter as the Securities Action. The plaintiffs in the Derivative Actions filed a proposal to consolidate only the Derivative Actions and to appoint their attorneys as co-lead counsel of the consolidated derivative litigation [24-cv-3176, ECF No. 20; 24-cv-4753, ECF No. 7].

At the Oral Argument on December 16, 2024, counsel for the Teamsters Fund and counsel for the Derivative Actions all agreed that the Securities Action should not be consolidated with the Derivative Actions. However, all parties agreed that, if these matters proceed past the pleading stage, there may be substantial overlap in the discovery, and temporary consolidation (or, at least, coordination) may be appropriate at the discovery stage. Defense counsel further argued that the Derivative Actions should be stayed pending resolution of defense counsel's contemplated motion to dismiss the Securities Action.

Pursuant to Rule 42 of the Federal Rules of Civil Procedure, the Court "may" consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both

equity and judicial economy." *Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).  Often, "[c]onsolidation of multiple actions alleging securities fraud is appropriate where those actions relate to the same public statements and reports." *Steiner v. UiPath, Inc.*, 2024 WL 4054373, at *2 (S.D.N.Y. Sept. 5, 2024) (quoting *Chitturi v. Kingold Jewelry, Inc.*, 2020 WL 8225336, at *2 (E.D.N.Y. Dec. 22, 2020).

The two Derivative Actions clearly should be consolidated, even though there is not complete overlap in the claims they assert.  *See In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.,* 258 F.R.D. 260, 268 (S.D.N.Y. 2009); *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) ("Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").  The Court declines, however, to consolidate the Securities Action with the Derivative Actions at this time.  The "common approach" in this District is to allow "federal securities and derivative" actions "to proceed separately." *In re Bear Stearns Companies, Inc. Sec., Derivative, & Emp. Ret. Income Sec. Act (Erisa) Litig.*, 2009 WL 50132, at *5 (S.D.N.Y. Jan. 5, 2009), *amended on denial of reconsideration sub nom. In re Bear Stearns Companies, Inc. Sec., Derivative, & Erisa Litig.*, 2009 WL 2168767 (S.D.N.Y. July 16, 2009).  Based on the representations made at the Oral Argument, the parties oppose departing from this approach at this time.

The Court may still elect to coordinate the related cases for pretrial purposes.  *See id.*; Fed. R. Civ. P. 42(a)(3).  At this stage, for purposes of judicial economy, the Court will stay the Derivative Actions.  As the Court stated on the record at the Oral Argument, counsel for the plaintiffs in the Derivative Actions must move to lift the stay if the Securities Action survives a motion to dismiss.  Failure to move to lift the stay may result in dismissal for failure to prosecute.

In the interim, QuidelOrtho must advise counsel for the plaintiffs in the Derivative Actions if any new derivative actions are filed.

Although the Teamsters Funds submitted a broadly-worded proposed order consolidating cases, there are no other putative securities class actions against the defendants named in the Securities Action pending in this District. The Teamsters Funds may renew their proposal if any new such cases are filed.

### III.    CONCLUSION

For the reasons set forth above, the motion of the Teamsters Funds for appointment as Lead Plaintiff and approval of Labaton Keller Sucharow LLP as Lead Counsel is GRANTED. The motion of NSHEPP for appointment as Lead Plaintiff and approval of Pomerantz LLP as Lead Counsel is DENIED. IT IS HEREBY ORDERED that, within 14 days of this Order, Defendants and Lead Plaintiff shall confer and jointly submit a proposed schedule for the filing of any amended complaint and responsive pleading, including a briefing schedule with respect to any anticipated motions to dismiss.

The Clerk of Court respectfully is requested to terminate the motions at docket entries 17 and 22 in case number 24-cv-2804.

IT IS FURTHER ORDERED that the Derivative Actions [24-cv-3176; 24-cv-4753] shall be consolidated for all purposes, including trial, under the caption In Re QuidelOrtho Corporation Derivative Litigation, 24-cv-3176. All future submissions must be filed in that case. The Court grants the request of the plaintiffs in the Derivative Actions to appoint their attorneys co-lead counsel in the consolidated case. The deadline to file a consolidated complaint is January 3, 2025. IT IS FURTHER ORDERED that In Re QuidelOrtho Corporation Derivative Litigation, 24-cv-3176 is STAYED. As stated above, co-lead counsel must promptly file a motion to lift the stay if

the Securities Action survives a motion to dismiss.  In the interim, QuidelOrtho must advise co-lead counsel if any new derivative actions are filed.

The Clerk of Court respectfully is requested to amend the caption of case number 24-cv-3176, terminate case number 24-cv-4753, and stay case number 24-cv-3176.

**SO ORDERED.**

**Date:  December 16, 2024**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

12